**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS KNICKMEYER,<br><br>      Plaintiff-Appellant,<br><br>  v.<br><br>STATE OF NEVADA ex rel. EIGHTH JUDICIAL DISTRICT COURT,<br><br>      Defendant-Appellee. | No.   16-15740<br><br>D.C. No.<br>2:14-cv-00231-JCM-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 12, 2017[**]
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and LEITMAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Matthew Frederick Leitman, United States District Judge for the Eastern District of Michigan, sitting by designation.

Appellant Thomas Knickmeyer ("Knickmeyer") worked as a marshal for the Eighth Judicial District Court in Clark County, Nevada (the "EJDC"). During 2012 and 2013, the EJDC received a number of complaints alleging that Knickmeyer had committed misconduct. The alleged misbehavior included misogynistic comments, inappropriately touching prisoners, disparaging his supervisors, and falling asleep during a calendar call. The EJDC investigated the complaints, found them to have merit, and terminated Knickmeyer's employment in November 2013.

Knickmeyer thereafter filed this civil action against the State of Nevada (the "State") challenging his working conditions and his termination as violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. He alleged, among other things, that his supervisor subjected him to a racially hostile workplace environment and that he was terminated in retaliation for reporting racial discrimination internally and to the Nevada Equal Rights Commission (the "NERC").

The district court granted summary judgment in favor of the State on both of Knickmeyer's Title VII claims.[1] The district court held that Knickmeyer's hostile

---

[1] Knickmeyer does not pursue on appeal his claim that his termination was in direct violation of Title VII.

work environment claim failed because Knickmeyer did not present sufficient evidence that he was subjected to severe or pervasive race-based harassment. The court also held that Knickmeyer's retaliatory discharge claim failed because Knickmeyer did not present sufficient evidence that his protected activity was a but-for cause of his termination. Knickmeyer appeals, and we affirm.

In order to prevail on his hostile work environment claim, Knickmeyer was required to show, among other things, that the alleged harassment "was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002) (quotations omitted). He failed to do so. The comments he complained of were isolated in nature, and "[s]imply causing an employee offense based on an isolated comment is not sufficient to create actionable harassment under Title VII." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004) (citation omitted). Knickmeyer also presented hearsay statements in support of his hostile work environment claim, which the district court properly disregarded. *See Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988) ("[O]nly admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.").

The State was likewise entitled to summary judgment on Knickmeyer's retaliatory discharge claim. As the district court properly concluded, Knickmeyer did not present sufficient evidence that his protected activity – filing race-discrimination complaints internally at the EJDC and with the NERC – was a "but-for" cause of his termination. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013); *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (considering causation in the context of a retaliation claim by reference to the time "between an employer's knowledge of protected activity and an adverse employment action") (emphasis added). Knickmeyer failed to show that his protected activity and his termination were so close as to support an inference of but-for causation.

Knickmeyer also argued that other allegedly suspicious timing supported an inference of but-for causation. But the fact that he was not fired until October 2013 is more plausibly explained by the fact that the EJDC spent many months carefully investigating the allegations against him.

Finally, during post-termination arbitration proceedings, Knickmeyer testified that he believed he was fired because of his political incorrectness. This testimony precludes a finding that his protected activity was a but-for cause of his termination.

4

The judgment of the district court is AFFIRMED.